

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 20, 1967

Honorable Robert S. Calvert　　　　　Opinion No. M- 13
Comptroller of Public Accounts
Austin, Texas　　　　　　　　　　　　Re: Construction of Article
　　　　　　　　　　　　　　　　　　　678f, Vernon's Civil
　　　　　　　　　　　　　　　　　　　Statutes, as it relates
　　　　　　　　　　　　　　　　　　　to expenditures of ap-
　　　　　　　　　　　　　　　　　　　propriations for build-
　　　　　　　　　　　　　　　　　　　ing projects from which
　　　　　　　　　　　　　　　　　　　the State Building Fund
Dear Mr. Calvert:　　　　　　　　　　is to be reimbursed.

　　　　　Your request for an opinion on the above subject matter
asks the following questions:

　　　　　"1.　Is the money appropriated to a using
agency for the fiscal year 1966 only, with which
to build a building, obligated by the provisions
of Article 678f, R.C.S. so that salaries and
travel and other personal services performed on
the building project by the Building Commission
during the fiscal years 1967, 1968, and 1969,
are reimbursable from the 1966 year appropriation?

　　　　　"2.　If the above question is answered in
the affirmative and under the same conditions
as set out in question number 1, would this be
the only appropriation such services could be
reimbursed from?

　　　　　"3.　If money is appropriated to a using
agency for capital outlay for the fiscal year
ending August 31, 1966, the using agency then
through the Building Commission obligates the
appropriation to remodel an existing building
in the amount of twenty-five thousand dollars
($25,000.00) (Art. 4357, R.C.S.) is the capital
outlay appropriation for 1966 obligated to re-
imburse the Building Commission for salaries
and travel performed on the remodeling project
by the Building Commission during the fiscal

- 48 -

years 1967, 1968, and 1969?

"4. If question number 3 is answered in the affirmative and under the same conditions as set out in question number 3, would this be the only appropriation such services could be reimbursed from?"

Subdivision (E) of Section 5 of Article 678f, Vernon's Civil Statutes, reads as follows:

"The operating expenses of the State Building Commission shall, unless otherwise specified by the Legislature, be paid from appropriations made out of the State Building Fund. The State Building Fund shall be reimbursed for such expenditures from the funds appropriated by the Legislature for projects supervised by the Commission. In order that each project shall bear its fair and proper share of the Commission's expenses, the Commission shall institute and maintain a cost accounting system which shall be devised by the State Auditor as soon after the effective date of this Act as possible." (Emphasis added.)

Section 6 of Article VIII of the Constitution of Texas provides that no appropriation of State funds may be made for a term of more than two years. Therefore, generally speaking, personal services must be paid out of appropriations made for the year during which the personal services are rendered. Attorney General's Opinions 0-2815 (1940) and V-1397 (1952). It is clearly settled, however, that an appropriation for one year in the case of capital expenditures may legally be encumbered by contract even though the project for which it is spent will not be completed and paid for until succeeding years. Attorney General's Opinions 0-2631 (1940), V-1139 (1950), V-1397 (1952), V-1535A (1952), WW-40 (1957), and C-625 (1966).

In Attorney General's Opinion V-1397, supra, it was held that a contract calling for the services of an erection supervisor is ancillary to the main purpose of the purchase of a capital asset and is not a separate contract for personal services, and therefore expenditure for such purpose may be paid from an appropriation covering the cost of the construction contract.

The reimbursable items governed by the provisions of Article 678f are all items incidental to a construction project which constitutes a capital asset of the State. Therefore, such items may obligate appropriations for a term beyond the expiration of the appropriation. Both Article 678f and Article 4357, Vernon's Civil Statutes, recognize that in the case of construction projects monies obligated by the construction contract will not necessarily be finally expended during the term of the appropriation. Article 4357 provides in part:

". . .No claim shall be paid from appropriations unless presented to the Comptroller for payment within two (2) years from the close of the fiscal year for which such appropriations were made, but any claim not presented for payment within such period may be presented to the Legislature as other claims for which no appropriations are available. . . .

"It is specifically provided, however, that as to all appropriations relating to new construction contracts, and to repair and remodeling projects which exceed the sum of Twenty Thousand Dollars ($20,000.00), including in either instance furniture and other equipment, architects' and engineering fees, and other related costs, any claim may be presented for payment within four (4) years from the close of the fiscal year for which such appropriations were made."

In answer to your first and third questions, monies appropriated to a using agency for projects governed by Article 678f are obligated by the provisions of Subdivision (E) to reimburse the State Building Fund for services rendered by the Building Commission on the construction project. Therefore, you are advised that this reimbursement is to be paid from the appropriation for the construction project regardless of the year in which the personal services were performed on the building project. The services outlined by you in questions one and three would be paid from the 1966 appropriation. In answer to your second and fourth questions, this would be the only appropriation from which the services could be reimbursed unless other appropriations for such project are appropriated or re-appropriated as the case may be.

### S U M M A R Y

Monies encumbered by a construction contract entered into during the fiscal year 1966 may be

used to reimburse the State Building Fund for operating expenses of the State Building Commission expended in connection with such construction contract, and such reimbursement may be made even though services performed by the Building Commission are performed during subsequent fiscal years. Art. 678f, V.C.S., Attorney General's Opinion V-1397 (1952).

Very truly yours,

Crawford C. Martin
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Mary K. Wall
Kerns Taylor
Pat Bailey
John Grace

Staff Legal Assistant
A. J. Carubbi, Jr.